**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| XAVIER MORIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>QUINSIGAMOND COMMUNITY COLLEGE; PAT SCHMOHL, in his Official capacity as a Dean of School of Healthcare at Quinsigamond Community College; MAUREEN RICOTTA, in her Official capacity as a Professor and Coordinator at Quinsigamond Community College; and MARGARET YODER, in her Official capacity as a Professor and Coordinator at Quinsigamond Community College,<br><br>                    Defendants. | Civ. No.: 4:25-cv-10968-MRG |

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF No. 100]**

**GUZMAN, J.**

Before the Court is Plaintiff's Motion for Preliminary Injunction and Temporary Relief, [ECF No. 100], where the Plaintiff, Xavier Morin ("Plaintiff" or "Morin"), requests this Court to order Defendant, Quinsigamond Community College ("QCC"), to temporarily revert the grade for his practical-nursing course, PNP-240, from "fail" to an "incomplete (IC)" and/or issue a written verification that Plaintiff completed the clinical components of the Practical Nursing program to allow him to sit for the professional licensure exam for Nurse Practitioners, NCLEX-PN. [Id. at 5, 6]. For the reasons stated in the Defendants' opposition to the motion for preliminary injunction, and as stated below, the Court must **DENY** Plaintiff's motion for relief.

1

## I.    BACKGROUND

### A.  Brief Facts[1]

A full recitation of the facts is not necessary here and the Court will instead give an abridged version for the purposes of this motion. A further recitation of the facts will be provided in the Court's order regarding the pending motion to dismiss the Second Amended Complaint, [ECF No. 96].

From September 2019 to November 2020, Plaintiff Morin was enrolled in the Practical Nursing Program at QCC. [Second Am. Compl. ¶ 2, ECF No. 93]. Plaintiff is a student with educational disabilities, including anxiety, dyslexia, and ADHD. [Id. ¶ 6]. Plaintiff successfully completed his coursework for this program for the first semester of his education; however, he alleges that during his spring term –during the height of the COVID-19 pandemic from March 2020 to November 2020, QCC failed to give him proper testing accommodations. [Id. ¶¶ 9–10]. Plaintiff alleges that QCC staff were discouraging and demeaning to him during his education, particularly regarding certain practicums necessary for graduation. [Id. ¶¶ 12–20]. Due in part to insufficient accommodation and in part due to medical emergencies, Plaintiff did not complete one of the necessary practicums for graduation. [Id. ¶¶ 21–24]. Regardless, Morin received his graduation materials at the end of the term, [id. ¶ 25], but he learned after the fact that he had not appropriately completed all courses mandatory for graduation. [Id. ¶¶ 26–27].

After receiving this news, Plaintiff contested whether the outstanding course truly prevented his graduation and began the first stages of this litigation by hiring an education attorney to address issues related to his disability accommodation. [Id. ¶¶ 27–49]. After graduation,

---

[1] For purposes of clarity regarding this motion, the Court looks to Plaintiff's Second Amended Complaint, [ECF No. 93], to explain the factual background at issue.

Plaintiff's final transcript represented a final grade for course PNP-240 as "F" (Failure). [Id. ¶¶ 61–66]. The failing grade and the time elapsed prevented Defendants from issuing a Practical Nursing Certificate which would allow Morin to sit for the NCLEX exam, the professional license exam for Nurse Practitioners. [Id. ¶¶ 68–69].

During the negotiations where Morin was represented by the education attorney, QCC provided "restitution" options to Plaintiff to prepare him for the NCLEX exam but refused to adjust his final grade. [Id. ¶ 69]. Plaintiff was dissatisfied with all options and continued to pursue legal remedies, where he ultimately rejected a settlement offer from QCC. [Id. ¶¶ 70–117].

After many years of ongoing dispute with QCC, Plaintiff filed this suit alleging ten claims related to retaliation, breach of contract, negligence, and violation of the Massachusetts Civil Rights Act. [Id. at 54–76]. His present condition includes a failing grade in PNP-240 preventing his opportunity to take the NCLEX exam, and an outstanding debt to QCC after re-enrollment into the program during the Spring 2024 term. [Id. ¶¶ 69, 89, at 64].

### B. Relevant Procedural History

Plaintiff filed his original complaint in April 2025 and amended his complaint in July 2025. [ECF Nos. 1, 20]. After numerous filings before the Court, including motions for summary judgment, emergency motions to expedite, an assortment of supplemental letters of support, and motions for injunctive relief – all of which were properly opposed by Defendants in this matter – *pro se* Plaintiff Morin was directed by this Court to amend his complaint again to properly state a claim for relief. [ECF No. 92]. In November 2025, Plaintiff filed his Second Amended Complaint and Defendants timely moved to dismiss the action. [ECF Nos. 93, 96]. Plaintiff then filed a motion for preliminary injunction which is presently before the Court for review. [ECF No. 100].

Defendants opposed the preliminary injunction, and Plaintiff filed a reply and supplemental replies. [ECF Nos. 101–104].

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 65 governs preliminary injunctions. Preliminary injunctions are an "extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); see also Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022). These requests are granted sparingly. Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness, 649 F.2d 71, 76 n.7 (1st Cir. 1981). It is the moving party's burden to provide sufficient facts to support this extraordinary remedy. Cablevision of Bos., Inc. v. Pub. Imp. Comm'n of City of Bos., 38 F.Supp. 2d 46, 53 (D. Mass. 1999) (citing Ocean Spray Cranberries, Inc. v. Pepsico, Inc., 160 F.3d 58, 60 (1st Cir. 1998), aff'd, 184 F.3d 88 (1st Cir. 1999). On review of a preliminary injunction, a court is required to weigh four factors: "(1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015).

## III.    DISCUSSION

In his motion for preliminary injunction, Plaintiff requests that the Court order Defendants to *change* his grade for his practical nursing course to an "incomplete (IC)" so that he can take the NCLEX-PN exam and begin his professional career. [See ECF No. 100 at 6]. The Defendants' memorandum in opposition is thorough and persuasive, and the  Court adopts the arguments made by Defendants as to the likelihood of success on the merits prong. [See ECF No. 101 at 3–8]. For the reasons stated by the Defendants, as well as those stated below, the Court finds that Plaintiff has failed to meet the legal standard required for issuing a preliminary injunction.

As an initial matter, Plaintiff's motion is not supported with a separate memorandum of law and therefore does not address the legal requirements for a preliminary injunction. <u>See</u> Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."). While the Court must construe a *pro se* litigant's pleading liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972); <u>Rodi v. S. New Eng. Sch. of Law</u>, 389 F.3d 5, 13 (1st Cir. 2004), "pro se status does not free a litigant in a civil case of the obligation to comply with the procedural rules." <u>Rivera v Riley</u>, 209 F.3d 24, 27–28, 28 n.2 (1st Cir. 2000).  Regardless of the procedural error, Plaintiff has not established that he will suffer irreparable harm in the absence of preliminary relief, and his request amounts to mandatory injunctive relief without demonstrating that exigencies require it.

Traditionally, a preliminary injunction serves "to preserve the status quo so that the court may retain its ability to render a meaningful decision on the merits." <u>Gov't Ctr. Camera, Inc. v. United States</u>, No. 87-2208-S, 1987 WL 28337, at *1 (D. Mass. Nov. 5, 1987) (citing <u>Crowley v. Local No. 82</u>, 679 F.2d 978 (1st Cir.1982), <u>rev'd on other grounds</u>, 467 U.S. 526 (1984)). Said another way, "[a] preliminary injunction preserves the court's ability to grant final relief." <u>Together Emps. v. Mass Gen. Brigham Inc.</u>, 32 F.4th 82, 85 (1st Cir. 2022) (citing 11A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE & PROCEDURE § 2948.1 (3d ed. Apr. 2021 update)). The Court requires a showing of irreparable harm absent preliminary relief "since that harm would 'impair the court's ability to grant an effective remedy' following a decision on the merits." <u>Id.</u> Irreparable harm is considered to be "a viable threat of serious harm which cannot be undone."

Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency, 649 F.2d 71, 74 (1st Cir. 1981) (citing Parks v. Dunlop, 517 F.2d 785 (5th Cir. 1975)).

Plaintiff argues in his reply that he has suffered irreparable harm because as recently as April 2026, he was directed to register for the NCLEX-PN examination by the Massachusetts Board of Registration in Nursing but ultimately was denied due to his lack of institutional verification from Defendants. [ECF No. 102 at 1]. Plaintiff notes that his continued financial loss due to exam preparation, registration fees, and subsequent denials represents irreparable harm. [Id. at 1, 2]. However, a delay in a professional degree is not irreparable harm, particularly when monetary damages are available as a remedy. See Doe v. Amherst Coll., No. 14-cv-30114-MGM, 2014 U.S. Dist. LEXIS 194577, at *8 (D. Mass. July 28, 2014) (holding that although a "[c]ollege's decision to withhold plaintiff's diploma may make it more difficult for plaintiff to find employment, . . . the harm of lost wages is routinely compensated with monetary awards and, therefore, is not irreparable."); see also Powell v. City of Pittsfield, 221 F.Supp.2d 199 (D. Mass. 2002) (holding that plaintiff was due compensatory damages for lost wages); Together Emps., 32 F.4th at 86 ("Deprivation of income (both in the form of wage and of benefits) is a quintessential pocketbook injury, which money damages can remedy."). Accordingly, even under the traditional preliminary injunction analysis, Plaintiff fails to allege irreparable harm that could not be remedied by damages later.

However, Plaintiff's request actually seeks more than merely preserving the status quo – it seeks the Court to compel mandatory and permanent action by the Defendants. Morin's request that the Court order Defendants to *change* his grade for his practical nursing course to an "incomplete (IC)" so that he can take the NCLEX-PN exam and begin his professional career, [see ECF No. 100 at 6], is more accurately analyzed as a mandatory preliminary injunction. A

"mandatory preliminary injunction, [] requires affirmative action by the non-moving party in advance of trial." Kelleher v. Town of Brookfield, No. 25-40071-BEM, 2026 U.S. Dist. LEXIS 9605, at *29 (D. Mass. Jan. 5, 2026) (quoting Braintree Lab'ys, Inc. v. Citigroup Glob. Markets Inc., 622 F.3d 36, 40–41 (1st Cir. 2010)). "Because a mandatory preliminary injunction alters rather than preserves the status quo, it 'normally should be granted only in those circumstances when the exigencies of the situation demand such relief.'" Id. (quoting Braintree Lab'ys, 622 F.3d at 40–41).

Just as Morin's delayed professional progress and the costs he has incurred are not irreparable harm, the Court does not find that a delay in Morin's ability to take the NCLEX-PN exam presents exigent circumstances to require Defendants to take an affirmative action in the case prior to a determination on the merits of the issue. Braintree Lab'ys, 622 F.3d at 40–44. The failure to show irreparable harm is sufficient to deny Morin's motion for a preliminary injunction. See Pub. Serv. Co. of N.H. v. Town of W. Newbury, 835 F.2d 380, 383 (1st Cir.1987) (ruling that "[b]ecause of our analysis [finding lack of] irreparable harm, we need not reach the question of likelihood of success on the merits"). Accordingly, the motion for preliminary relief, ECF No. 100, is **DENIED**.

IV.     **Plain Language Summary for Pro Se Plaintiff**

Mr. Morin, your motion for preliminary relief is being denied because you have asked for more than to preserve the status quo, and you have not demonstrated that there is a true and urgent threat of irreparable harm that would warrant the Court providing early relief before the whole case is considered on the merits. The goal of a preliminary injunction is to maintain the status quo or *freeze* the current conditions while the Court takes the appropriate time to determine each issue on the merits. Your request seeks more than that. You are asking the Court to order the Defendants

to proactively change your grade permanently, and to do so immediately, before the Court has decided the merits of the issues in this case. This type of "mandatory injunction" is an extraordinary remedy which is rarely provided. In fact, to warrant this type of preliminary relief, you have to show "exigent" or an urgent threat of serious harm.  While the Court is sympathetic to your circumstances, the harm you allege is a delay in your professional certification and potential employment, and financial loss. Based on case law, these types of circumstances are not conditions on which the Court can grant a preliminary injunction or provide temporary relief. For one, they are not *irreparable*. If you are to succeed in this case, you may be compensated for your financial losses and potential lost wages. You also, despite a delay, may be able to go on and obtain the professional accomplishments you seek after your case is decided on the merits. Therefore, your motion for preliminary relief is being denied at this time; however, the case will continue on for full adjudication of merits.

V.    **CONCLUSION**

For the reasons stated above, the Motion for Preliminary Injunction and Temporary Relief, ECF No. 100, is **DENIED.**


**SO ORDERED.**


Dated: May 22, 2026

        /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge


8