**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| XAVIER MORIN,<br>Plaintiff,<br><br>v.<br><br>QUINSIGAMOND COMMUNITY COLLEGE; PAT SCHMOHL, in his Official capacity as a Dean of School of Healthcare at Quinsigamond Community College; MAUREEN RICOTTA, in her Official capacity as a Professor and Coordinator at Quinsigamond Community College; and MARGARET YODER, in her Official capacity as a Professor and Coordinator at Quinsigamond Community College,<br><br>Defendants. | Civ. No.: 4:25-cv-10968-MRG |

**ORDER ON REPORT AND RECOMMENDATION [ECF No. 108]**

**GUZMAN, J.**

Plaintiff Xavier Morin, proceeding *pro se*, against Defendants Quinsigamond Community College ("QCC"); the Dean of School of Healthcare at QCC, Pat Schmohl; and, Professors and Coordinators at QCC, Maureen Ricotta and Margaret Yoders, in their official capacities, for discrimination, retaliation and other state law claims. Morin seeks declaratory and compensatory relief, to amend his final grade in his Practical Nursing Program, and to receive an issuance of his Practical Nursing Certificate. [Second Am. Compl. ("SAC") at 54–74, ECF No. 93].

Before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge David H. Hennessy in this matter on August 25, 2026, [R&R, ECF No. 108], recommending that the District Court grant the pending Motion to Dismiss in full, and focusing the recommendation on theories of sovereign immunity and statute of limitations. Plaintiff timely filed his objections

to the R&R. [ECF Nos. 110 & 111]. This Order contains the Court's review of Plaintiff's objections. For the reasons that follow, this Court **ADOPTS** the conclusions of the R&R with some modified reasoning, therefore, the Motion to Dismiss, [ECF No. 96], is **GRANTED** and this case is **DISMISSED**.

## I. BACKGROUND

The factual and procedural backgrounds of this case are thoroughly set forth in M.J. Hennessy's final R&R, [R&R at 2–9] and need not be repeated here in full. Plaintiff has not objected to the statement of facts and procedural history. Without objection, the Court adopts M.J. Hennessy's background in this case. [Id.]

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's Report and Recommendation

A U.S. District Judge may refer certain types of pending matters to a U.S. Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). Parties may file written objections to an R&R within fourteen days of its issuance. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). An argument that has not been raised in front of the magistrate judge is "not entitled to a *de novo* review." Mills v. Turner, No. 15-13267-MLW, 2017 U.S. Dist. LEXIS 136887, at *3 (D. Mass. Aug. 25, 2017) (quoting Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)). Objections containing arguments or referring to previously available evidence that were not raised before the magistrate judge are deemed waived. Borden, 836 F.2d at 6 (explaining that a party objecting to a report and recommendation is "not entitled to a *de novo* review of an argument never raised" before the magistrate).

When conducting a de novo review, the U.S. District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge

with instructions." FED. R. CIV. P. 72(b)(3); see 28 U.S.C. § 636(b)(1)(C). "Where objections to an R&R are repetitive of the arguments already made to the magistrate judge, a *de novo* review is unwarranted." Rojas-Buscaglia v. Taburno-Vasarely, 39 F. Supp. 3d 208, 211 n.1 (D.P.R. 2014) (citing Westernbank P.R. v. Kachkar, No. 07-1606 (ADC), 2009 U.S. Dist. LEXIS 78726, at *25 (D.P.R. Sep. 1, 2009)). In other words, where objections "are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the [m]agistrate [j]udge," "the report and recommendation is reviewed by the district judge for clear error." Id. (alteration in original) (citations omitted); DeSilva v. Guardian Life Ins. Co. of Am., No. 23-CV-12625-MRG, 2025 U.S. Dist. LEXIS 64359, at *9 n.6 (D. Mass. Mar. 31, 2025) ("Indeed, the clear error standard applies to such improper objections" (citations omitted)).

## III. DISCUSSION

Plaintiff brings forth one main objection regarding the dismissal of his Amended Complaint: that M.J. Hennessy erred by not reviewing the allegations after April 15, 2022 as discrete acts of retaliation. Upon review of the Magistrate's recommendation, the Court finds no clear error of law, however, the Court will provide additional clarity as to this dismissal.

### A. Objections 1–4, 8[1]: [Federal Claims]

Plaintiff's objections demarcated as Objection 1–4 and 8, ultimately allege the same argument, that Magistrate Judge Hennessy erred in his determination that Plaintiff's federal Americans with Disabilities Act ("ADA") and Rehabilitation Act claims are untimely and should have analyzed the remaining allegations as discrete acts of retaliation. [ECF No. 110 at 1–10, 12–

[1] Plaintiff does not contest the recommendation as to the Higher Education Act of 1965 or the False Claims Act, [ECF No. 110 at 12], therefore, the Court will not disturb the Magistrate Judge's findings. The Court adopts the analysis as to Eleventh Amendment Immunity and private right of action as to these claims. [R&R at 19–22].

13]. Plaintiff does not contest that allegations prior to April 15, 2022 are barred by the three-year statute of limitation. [Id. at 2]. The Court, therefore, will engage in a limited analysis as to the claims after April 15, 2022.

To adequately state a claim for disability discrimination, a plaintiff must plead that "(1) he suffers from a disability or handicap, as defined by the ADA and Chapter 151B, that (2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and (3) [the defendant] took an adverse . . . action against him because of, in whole or in part, his protected disability." Hines v. Bos. Pub. Schs., 264 F.Supp. 3d 329, 334 (D. Mass. 2017) (quoting Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 104 (1st Cir. 2005) (collecting cases)). When a plaintiff is asserting a claim for a reasonable accommodation, they must plead that, "despite knowing of his disability, [the defendants] did not reasonably accommodate it." Id. (quoting Tobin, 433 F.3d at 107). Finally, to state a retaliation claim, he must allege that "(1) [h]e engaged in protected conduct" under the ADA, such as requesting reasonable accommodations for his disability, "(2) [h]e was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action." Smith v. The Pub. Schs. Of Northborough-Southborough Mass., 133 F.Supp. 3d 289, 294 (D. Mass. 2015) (citing D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 (1st Cir. 2012)).

Plaintiff asserts, and Defendants do not contest, that he is an individual with ADHD, Anxiety, and Dyslexia, and is, therefore, qualified as a person with a disability under the ADA. [SAC at 56, ¶ 5]. Plaintiff alleges that he was discriminated against by Defendants through their repeated refusal to recognize his medical accommodation and was later subject to retaliation by Defendants when he was placed on academic probation and dismissed from the Practical Nursing Program. [Id. at 58, ¶¶ 4–7]. After his dismissal, Plaintiff engaged QCC in approximately five

years' worth of on-and-off negotiations regarding his degree status and re-enrollment in the Practical Nursing Program. [R&R at 2–9].

Claims under Chapter 151B, the ADA, and the Rehabilitation Act are subject to a three-year statute of limitations. See Hines, 264 F.Supp. at 333 (citing MASS. GEN. LAWS c. 151B, § 9; Dube v. Wyeth Biotech, No. 10-cv-11316-RGS, 2011 U.S. Dist. LEXIS 3925, 2011 WL 134053, at *1 (D. Mass. Jan. 14, 2011)); Tassinari v. Salvation Army Nat'l Corp., 610 F.Supp. 3d 343, 358 (D. Mass. 2022) (applying three-year statute of limitations for ADA and Rehabilitation Act claims). The statute of limitations for these claims begins to run at the time when plaintiff knew or had reason to know of the injury that serves as the basis of the claim. See Hines, 264 F.Supp. at 333. As noted by M.J. Hennessy, the discrimination of which Plaintiff primarily complains is alleged to have occurred in 2020, placing Plaintiff on notice and beginning the statute of limitations clock. [R&R at 28–31]. Nonetheless, Plaintiff argues—for the first time in his opposition to the R&R—that subsequent actions should be viewed as discrete instances of retaliation. [ECF No. 110 at 1–10, 12–13]. Particularly, Plaintiff relies on Rae v. Woburn, asserting that the following events which occur after April 15, 2022, should be considered by this Court as independent instances of retaliation and discrimination. 113 F.4th 86, 103 (1st Cir. 2024), cert. denied, 145 S. Ct. 1431 (2025). Plaintiff states his objections as follows:

- QCC rejected Plaintiff for consideration for the RN program in July 2023 despite his TEAS score allegedly falling within QCC's published qualifying range;
- QCC allegedly enrolled Plaintiff in Anatomy & Physiology 102 on or about May 20, 2024 without his knowledge or consent, thereby creating a new tuition obligation;
- [A]fter Plaintiff retained Attorney David Grimaldi on April 16, 2024 and negotiations followed, QCC allegedly engaged in additional unilateral conduct, including enrollment in the RN program without Plaintiff's consent;
- QCC subsequently deducted approximately $1,300 from a proposed settlement based upon the disputed Anatomy & Physiology 102 obligation;

- [A]fter Plaintiff issued a formal demand on January 31, 2025, QCC again refused his requested relief on March 3, 2025 and withdrew its previous offer of priority RN placement; and,
- QCC issued a pre-collection bill in December 2024 and subsequently referred the disputed account for collection, followed by additional billing activity in 2025.

[ECF No. 110 at 3–4]. Plaintiff's reliance on Rae is misplaced. In Rae, the Court ultimately determined that the plaintiff alleged a series of discrete retaliation claims which could not be saved by the continuing violations doctrine and found the majority of her claims to be untimely. The Court held that "a retaliation claim accrues as a discrete act of discrimination 'when it has a crystallized and tangible effect'" on the plaintiff, which provides plaintiff "notice of both the act and its invidious etiology." Rae, 113 F.4th at 102. However, a series of discrete acts of retaliation cannot be amalgamated into one "retaliatory harassment claim to invoke the continuing violations doctrine." Id. at 103.

Importantly, Plaintiff did not plead these instances as specific acts of retaliation unrelated to his protected activity in 2020; rather, Plaintiff explicitly asserts in his Second Amended Complaint that "[u]nder the continuing-violations doctrine, related acts of discrimination spanning 2020 through 2025 constitute a single course of conduct and render this [disability discrimination] claim timely and actionable." [SAC at 57, ¶ 17; Id. at 56, 58 ("[T]he unlawful acts described herein form part of the same continuing violation")]. Additionally, Plaintiff also argues that his claims would be timely under the discovery rule and equitable tolling. [SAC at 57, ¶ 18]. [See generally, SAC; Pl. Opp. MTD Mem., ECF No. 99; ECF No. 110]. M.J. Hennessy correctly outlined in his order that these events are neither subject to tolling, nor the continuing violations doctrine. An argument that is raised for the first time before a district court judge and has not been raised for the magistrate judge's consideration is "not entitled to a *de novo* review." Mills, 2017 U.S. Dist. LEXIS 136887, at *3 (quoting Borden, 836 F.2d at 6). Only now, after dismissal, does Plaintiff

attempt to assert a theory that these actions are stand-alone discriminatory acts. Because Plaintiff failed to present this argument to the magistrate "in the first instance," it is waived. Borden, 836 F.2d at 6.

Further, the Court finds no error in M.J. Hennessy's ruling that these subsequent administrative actions derive from the initial alleged discriminatory event in 2020 and are properly characterized as QCC's failure to provide satisfactory restitution or resolve the financial dispute between it and Plaintiff. Because failed settlement negotiations, [SAC at 58, ¶ 3, Id. at 59, ¶¶ 12–13; Id. at 61, ¶ 11], allegedly errant billing, [Id. at 61 ¶¶ 9–12], and withdrawal of previous settlement options, [ECF No. 110 at 4], do not constitute discrete retaliatory acts, but are instead the repercussions of the on-going dispute between the parties, these claims are properly barred by the three-year statute of limitations.

### B. Objections 5 & 6: Eleventh Amendment Immunity (Counts I, IV–VIII, and IX)

Magistrate Judge Hennessy recommends granting Defendants' Motion to Dismiss on grounds of Eleventh Amendment Immunity. [R&R at 13–22]. Plaintiff does not object to the dismissal of his state law claims based on immunity grounds, but requests that if the Court were to adopt the Magistrate's recommendation, it should be done without prejudice. [ECF No. 110 at 10–11]. This Court ultimately agrees with the dismissal of these state law claims and finds no error in the R&R's conclusion as to the Eleventh Amendment Immunity. However, it departs from the Magistrate's recommendation as to these claims insofar as the R&R analyzes the merits of any state law claim.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367(a) (supplemental jurisdiction). [SAC ¶¶ 1–2]. Having

determined that Plaintiff's federal claims are beyond the statute of limitations, the Court has the authority to decline adjudication of the merits for the remaining state-law claims. 28 U.S.C. 1367(c)(3); see Lambert v. Fiorentini, 949 F.3d 22, 29 (1st Cir. 2020) ("[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims.") (citations omitted); see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (declining to assume jurisdiction for the purpose of deciding the merits of the arguments because "it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"). As the Supreme Court has stated:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (citations omitted).

Therefore, the Court will not engage in any merits-based analysis of these pending claims. Consequently, Counts I, IV–VIII, and IX are **dismissed without prejudice**.

### C. Objection 7: Declaratory Relief

Because the federal claims are properly dismissed, the Court finds no error in M.J. Hennessy's recommendation to dismiss Count X of the Second Amended Complaint. [R&R at 22–25].

## IV. CONCLUSION

For the reasons stated above, Plaintiff's objections to the Magistrate Judge's R&R are **OVERRULED**. Magistrate Judge Hennessy's Report and Recommendation is **ADOPTED IN PART**, and, the Defendant's Motion to Dismiss is **GRANTED.** This case is dismissed.

## V. PRO SE SUMMARY FOR MR. MORIN

Mr. Morin, the Court reviewed Magistrate Judge Hennessy's Report and Recommendation in accordance with your objections. The Court finds that M.J. Hennessy's order was appropriate and that your federal claims are time-barred by a three-year statute of limitations. When your federal claims were dismissed, this Court declined to determine your remaining claims, which all arise under state law. This Court is a federal court and given that only state law claims remain in this action, this federal court will not review the merits of your remaining claims. Because this Court is not reviewing the merits of your state law claims, the dismissal of those claims is without prejudice. A determination on the merits of those claims is a matter for the state court.

**SO ORDERED.**

Dated: September 23, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge